ORIGINAL

FILED
BY COUNTY CLERK OF COURT

JUN 1 2 2012
11:59 Am
STAFFORD COUNTY CIRCUIT COURT
STAFFORD, VIRGINIA

1

VIRGINIA:

IN THE CIRCUIT COURT OF THE COUNTY OF STAFFORD

- - - - - - - - - - - - - - - - - - - - -

COMMONWEALTH OF VIRGINIA :

vs.                              :    CR11000621-00

ANTONIO NAVARRO-COVERT      :

- - - - - - - - - - - - - - - - - - - - -

Complete TRANSCRIPT of the motion and other incidents in the above styled case, when heard on May 2, 2012, at 9:04 a.m., before Honorable J. Howe Brown, Judge.

<u>APPEARANCES</u>:

Mr. James D. Peterson, Attorney at Law
1300 Courthouse Road
Stafford, Virginia   22555
Assistant Commonwealth's Attorney

Mr. James J. Ilijevich, Attorney at Law
Ms. Robin N. Krueger, Attorney at Law
Ilijevich & Krueger, Attorneys at Law
510 Princess Anne Street, Suite 101
Fredericksburg, Virginia   22401
Counsel for the Defendant

The Defendant in Person

Reported by:  Beverly J. Mahoney

FRANCES K. HALEY & ASSOCIATES, Court Reporters
10687 Spotsylvania Avenue, Fredericksburg, VA 22408
Phone:  (540)898-1527   Fax:  (540)898-6154

THE COURT: The burden is on the Commonwealth to produce Brady evidence, it's not up to defense counsel to know about statements and ask for them, and then cause the Commonwealth to go looking for statements and give them. It's up to the Commonwealth to know what the statements are and to give them, that's the focus of Brady and the progeny. And defense counsel is entitled to a full arsenal of potentially exculpatory evidence before the trial so that he can develop his trial strategy, and his cross examination, and calling of witnesses based on full knowledge of what the evidence is that has been given to agents of the Commonwealth before the trial.

The Commonwealth's position in this case seems to be, well, maybe he didn't assault Goss, but he assaulted somebody, and other people assaulted somebody anyway, so it really doesn't make any difference, he is guilty. And I just don't think that's true in

this case.

I heard the evidence in the trial, obviously, and I was convinced that this defendant pushed Nick Goss off the wall, and that that started the fight, and I suspect that the jury was convinced of that. Would it have made a difference if they had known that he wasn't the person, or had evidence from which they could find that he wasn't the person, I think that's a reasonable probability that it would have made a difference to them. And certainly the way that Mr. Ilijevich handled the trial would have been different if he had known what Shannon Jackson had said in a statement previously, and what Nick Goss had said previously.

So I don't think you can just -- I mean, I know this mob statute allows you to find people guilty that just happen to be hanging around with their gang, and as Mr.

Ilijevich openly says, maybe it will turn out the same way, but I think there is a reasonable probability that at least some of those charges won't. And I think it was an important part of this trial, the evidence that he pushed Nick Goss off the wall. And there is certainly at least a reasonable probability that that isn't going to be found next time. So I think there is a reasonable probability of a different result if defense counsel had been armed with the full arsenal of statements that he should have been.

Now, let me say this also. This is not a case where some federal judge is going to yell at the prosecutor, and the prosecutor is going to be forced to resign because he was terrible and all of that. I don't find any nefarious motive on the part of the Commonwealth to hide this. And that isn't what Brady is all about. This is just simply a case where defense counsel was deprived of

information that they should have had, that he should have had, in the full preparation of the trial and defending his client. So the verdict is set aside. And we need to set a trial date. And I don't know that -- I mean, do you want to set a trial date now?

MR. PETERSON: I would like to set a trial date now. And I will offer up to the Court Mr. Goss, who is now in the courtroom. I spoke with him briefly I think last week or the week before, and I believe he is being stationed or sent somewhere for the military in a couple of days, and I would just ask, if Mr. Ilijevich wants, to make inquiry of him for his availability, because, obviously, I don't want it to come up later.

THE COURT: You mean his availability for the next couple of days?

MR. PETERSON: I think he is gone for a while.

THE COURT: Well, what I mean