**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**TERRE HAUTE DIVISION**

IN RE: CHARLES HALL         )
        )
        )
        )       2:23-mc-00001-JPH-MG
        )
        )
        )
        )

**JOINDER IN CHARLES HALL'S AND ANDREW N. ROGERS' MOTION TO UNSEAL ALL DEPOSITIONS AND MOTION TO UNSEAL ALL DEPOSITIONS**

Wesley Coonce, by and through undersigned counsel, respectfully joins the motion filed by non-party Charles Michael Hall and joined by Andrew N. Rogers for an order unsealing all depositions in *United States v. Rogers*, 2:16-cr-0018. Hall and Rogers' motions are fully briefed and remain pending before this Court. Mr. Coonce moves for the Court to unseal all depositions in the Rogers case.

Coonce is not a party to this case. As with Hall, Coonce is a person under a sentence of death imposed by the United States District Court for the Western District of Missouri. The sentence was imposed, along with his co-defendant Hall, for a murder that occurred while Coonce and Hall were confined to the mental health unit of the United States Medical Center for Federal Prisoners in Springfield, Missouri. Both Coonce and Hall are currently housed in the Special Confinement Unit of USP Terre Haute. Undersigned counsel, attorneys from the Federal Public Defender, District of Nevada, and attorney John Jenab, represent Coonce in post-conviction proceedings in the Western District of Missouri.

Undersigned counsel agrees with Hall and Rogers that the sealed depositions concern potential prosecutorial misconduct in *United States v. Rogers* and are directly relevant to Coonce's § 2255 litigation. As counsel for Hall explained, Rogers'

case included allegations of misconduct by attorneys from the Department of Justice Capital Case Section (CCS). These allegations of misconduct included hiding information about the Bureau of Prison's (BOP) failure to address Rogers' self-reported mental health problems. Coonce was convicted of a homicide in BOP custody after seeking mental health care. In Rogers' case, some of the alleged misconduct was committed by CCS attorney James Peterson, who was one of the prosecutors representing the United States in Coonce and Hall's joint trial.

As fully explained in the attached memorandum in support, as well as Hall and Rogers' memorandums in support, the depositions concerning potential prosecutorial misconduct in *United States v. Rogers* are directly relevant to Coonce's § 2255 litigation. As unsealing the depositions are also in the public interest, the depositions should be unsealed.

Dated May 2, 2024.

Respectfully submitted,

*/s/ Amelia L. Bizzaro*

Amelia L. Bizzaro
Wisconsin State Bar No. 1045709
Assistant Federal Public Defender
411 E. Bonneville Ave., Ste. 250
Las Vegas, NV 89101
(702) 388–6577
amelia_bizzaro@fd.org

2

### Memorandum in support of motion by Wesley Coonce
### to unseal all depositions in *United States v. Hall*

Wesley Coonce was convicted and sentenced to death, with his co-defendant Charles Michael Hall, for the murder of a fellow prisoner in the mental health unit of the United States Medical Center for Federal Prisoners. On July 18, 2014, the United States District Court for the Western District of Missouri imposed a sentence of death. The Eighth Circuit affirmed Coonce's sentence on direct appeal and the Supreme Court denied certiorari.

On October 23, 2020, the Western District of Missouri appointed undersigned counsel, the Federal Public Defender, District of Nevada, and attorney John Jenab to represent Coonce is his post-conviction proceedings. Counsel are preparing a § 2255 motion challenging Coonce's death sentence.[1] It is in this capacity that undersigned counsel seek to have the deposition in Rogers' case unsealed.

Depositions taken in *United States v. Rogers*, 2:16-cr-0018, are relevant to Coonce's post-conviction proceedings, which challenge his death sentence. Rogers' case included allegations of misconduct by attorneys from the Department of Justice Capital Case Section (CCS). CCS attorney James Peterson was implicated in that misconduct and was one of the prosecutors representing the United States at Coonce's trial. In his memorandum in support of motion to unseal all depositions, Rogers agreed that the depositions are relevant to Hall's post-conviction proceedings.[2] For the same reasons they are relevant to Hall, the depositions are relevant to Coonce's post-conviction proceedings.

---

[1] Due to the disruptions caused by the COVID-19 pandemic, the government agreed to waive any statute of limitations defenses so long as Coonce files his § 2255 motion by May 6, 2024.

[2] Dkt. 5 at 3.

In his memorandum in support of his motion to unseal all depositions in *United States v. Rogers*, Hall detailed the relevant procedural history in Rogers' case, which led to the motion to unseal depositions.[3] In sum, after the government filed its Notice of Intent to Seek the Death Penalty on May 31, 2016, against Andrew Rogers, Rogers' counsel learned the government withheld and destroyed *Brady* information.[4] Soon thereafter, Mr. Rogers discovered a declaration filed in a sexual discrimination lawsuit filed by a CCS prosecutor.[5] The declarant stated "the CCS attorney in charge of the death-penalty protocol review of the case against Mr. Rogers," James Peterson, "intentionally destroyed favorable information and then provided false information in an effort to cover up his misdeeds."[6]

Through their investigation, counsel for Rogers also uncovered evidence that the Bureau of Prisons (BOP) had not adequately responded to Mr. Rogers' mental health issues.[7] The Court characterized this evidence as "directly contradict[ing] the position that the Government repeatedly has taken that it has not withheld any information that would indicate that the Bureau of Prisons was negligent in treating Rogers' mental health conditions."[8] Based on the misconduct, the Court found the government's "lack of candor" and the government's "assurances that it understands, has complied with, and will comply with its *Brady* obligations ring hollow."[9]

---

[3] *See* Dkt. 2 at 2–6.

[4] Dkt. 2 at 2.

[5] Dkt. 2 at 2.

[6] Dkt. 2 at 2–3.

[7] Dkt. 2 at 3.

[8] Dkt. 2 at 3 (internal citation omitted).

[9] Dkt. 2 at 3–4 (internal citation omitted).

In response to the misconduct, the Court allowed Rogers to take the depositions of CCS prosecutors Amanda Haines and James Peterson, as well as Dr. Steven Eckert and James Warden.[10] Peterson's and Haines' depositions were taken in February 2019; however, the Court ordered that the depositions be maintained under seal.[11] The Court found "serious allegations of misconduct on the part of various Government attorneys" and ordered an evidentiary hearing on Rogers' motion to strike the notice of intent to seek the death penalty for the government's intentional withholding and destruction of *Brady* information.[12] However, the hearing never occurred because the government deauthorized Rogers' case.[13] The depositions remain under seal; therefore, there is little information that is publicly available about the alleged conduct of CCS and Peterson.

As Hall argued in his motion, the information in the Rogers depositions is highly relevant to Coonce's litigation. Rogers, Hall, and Coonce were all accused and ultimately found guilty of murdering a fellow federal prisoner. Similarly, each of these defendants had a documented history of mental health problems and a history of seeking help from the BOP for those problems. In Rogers' case, Peterson was specifically accused of withholding potentially mitigating information about Rogers' mental health care. Subsequently, Peterson represented the government in its prosecution of Coonce and Hall. Based on his documented history, Peterson could have conducted similar misconduct in the case against Coonce and Hall.

Indeed, Peterson has a history of misconduct. In his motion, Rogers informed the Court that counsel became aware of at least two other death penalty cases that

---

[10] Dkt. 2 at 3–4.

[11] Dkt. 2 at 5 (internal citation omitted).

[12] Dkt. 2 at 5 (internal citation omitted).

[13] Dkt. 2 at 5–6.

involve allegations of misconduct by CCS attorneys, including Peterson.[14] After the misconduct came to light, both of those cases ended with the government withdrawing its notice of intent to seek the death penalty and the defendant accepting a guilty plea.[15] As Rogers notes, Peterson was reprimanded by the Virginia State Bar in 2014 for committing a *Brady* violation before becoming a federal prosecutor.[16]

As a federal prosecutor in the Southern District of Texas in 2015, Peterson failed to disclose his Virginia reprimand in James Wayne Ham's case, despite the court instructing him to do so.[17] Peterson's supervisor at the CCS admitted to knowing of Peterson's failure, despite the Court's order.[18] Soon thereafter, Peterson was removed from the case and the government withdrew its notice of intent to seek the death penalty and Ham plead guilty and received a life sentence.[19]

The next year, in 2016, Peterson was on a team of prosecutors in the Eastern District of Michigan prosecuting Carlo Wilson.[20] The Court found the prosecutors in the case violated the local rules with regard to subpoenas for records from a local jail.[21] Before the court determined whether or not to sanction the prosecutors, the government withdrew it notice of intent to seek the death penalty in the case.[22] Based on these instances of misconduct and Peterson's involvement in Coonce's case, the Court should unseal the depositions taken in the Rogers case.

---

[14] Dkt. 5 at 4–5.

[15] Dkt. 5 at 5.

[16] Dkt. 5 at 5–6.

[17] Dkt. 5 at 7.

[18] Dkt. 5 at 7.

[19] Dkt. 5 at 7 (internal citations omitted).

[20] Dkt. 5 at 8.

[21] Dkt. 5 at 8.

[22] Dkt. 5 at 8.

Non-parties may intervene in criminal cases to assert a right to access documents and information. *See, e.g.*, *United States v. Blagojevich*, 612 F.3d 558, 559 (7th Cir. 2010) (citing *In re Associated Press*, 162 F.3d 503, 507–08 (7th Cir. 1998); Fed. R. Crim. P. 57(b)); *see also Doe v. Marsalis*, 202 F.R.D. 233, 236 (N.D. Ill. 2001). "The Federal Rules of Criminal Procedure lack a counterpart of Federal Rule of Civil Procedure 24, which allows intervention" in civil cases; however, "courts have permitted intervention" by intervenors who sought to make public records and evidence in criminal cases. *Blagojevich*, 612 F.3d at 559; *see also Associated Press*, 162 F.3d at 507–08. In determining whether information should be made public, "the constitutional and common law right of access to judicial records and proceeding must be balanced against competing values that may require closure." *Associated Press*, 162 F.3d at 508. The 'presumption" is "in favor" of disclosing court documents. *Blagojevich*, 612 F.3d at 558; *see also Jessup v. Luther*, 277 F.3d 926, 929 (9th Cir. 2002). Coonce, along with Hall, Rogers, and the public, have a strong interest in documents that relate to a possible pattern of prosecutorial misconduct in death penalty cases.

Therefore, undersigned counsel for Coonce respectfully requests that the Court unseal the depositions taken in *United States v. Rogers*, 2:16-cr-0018.

Dated May 2, 2024.

Respectfully submitted,

*/s/ Amelia L. Bizzaro*
Amelia L. Bizzaro
Wisconsin State Bar No. 1045709
Assistant Federal Public Defender
411 E. Bonneville Ave., Ste. 250
Las Vegas, NV 89101
(702) 388–6577
amelia_bizzaro@fd.org